DOWNEY, Judge.
Appellant was the owner of an alcoholic beverage license. As a result of charges filed against it involving, among other things, the sale of intoxicants to minors and the improper surrendering of control of portions of licensed premises, the administrative hearing officer recommended that appellant’s license simply be revoked. Thereafter, without an opportunity to review the complete record, the Director of the Division of Alcoholic Beverages & Tobacco entered a final order which provided that “respondent’s [appellant] alcoholic beverage license No. 16-637S, Series 4-COP, be revoked with prejudice as provided in Section 561.58, Florida Statutes, for multiple violations of the Beverage Law.”
Appellant seeks reversal of the final order because the agency has increased the penalty recommended by the hearing officer from simple revocation to “revocation with prejudice as provided in Section 561.-58, Florida Statutes” without reviewing the complete record, contrary to the provisions *1150 of section 120.57(l)(b)9, Florida Statutes (1983).
If revocation of appellant’s license “with prejudice as provided in Section 561.58, Florida Statutes,” constitutes an increase in the penalty of revocation recommended by the hearing officer, then appellant’s point appears well taken. That the addition of such language does increase the penalty seems clear from the wording of section 561.58, Florida Statutes (1983), which provides:
When a license is revoked by the division-it may prohibit or permit a license to be issued for the location of the place of business formerly operated under such revoked license. The maximum period of time that any such license shall be prohibited by the division from any such place of business shall be 2 years from the succeeding license renewal date as fixed by the division following such revocation.
If the final order had followed the hearing officer’s recommendation and simply revoked appellant’s license, the property could be leased to new tenants who, upon being properly licensed, could engage in the sale of intoxicating beverages. As entered, the final order may well be construed to allow the agency to prohibit the use of the premises for the sale of intoxicating beverages for a period up to two years — a much more onerous penalty.
Accordingly, the language “with prejudice as provided in Section 561.58, Florida Statutes,” is stricken from the final order under review, and as so modified the final order is affirmed.
AFFIRMED AS MODIFIED.
HERSEY and DELL, JJ., concur.